UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COVELLO, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01396-KLM-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HIS FIRST AMENDMENT CLAIMS AGAINST DEFENDANTS GYLES AND HEATH; OR<br><br>(2) DELAY SERVING ANY DEFENDANT AND FILE ANOTHER AMENDED COMPLAINT<br><br>ECF No. 14<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff, a state prisoner, alleges that defendants violated his right to access the courts and his rights under the equal protection clause when they denied him adequate law library access. ECF No. 14 at 5, 9. His allegations, liberally construed, state cognizable First Amendment claims against defendants Gyles and Heath, but no other claims. Plaintiff may either proceed with only those claims or delay service and file a third amended complaint.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that his access to the law library at Mule Creek State Prison was inadequate and seeks to hold seven defendants responsible: Warden Patrick Covello, Correctional Captain K. Redgears, Law Librarians S. Gyles and Heath, CDCR Secretary Kathleen Allison,

Appeals Coordinator John Doe, and Principal of Education Candise Clevenger.  ECF No. 14 at 1-2.  As stated above, plaintiff raises two causes of action with respect to his allegedly inadequate access to the law library.

### A. **First Amendment Claim**

Plaintiff's first claim alleges that he was denied access to the courts in violation of the First Amendment.[1]  That claim is cognizable with respect to defendants Gyles and Heath, both of whom are alleged to have been directly responsible for closing the library on various occasions and for curtailing plaintiff's hours.  *Id.* at 6-7.

This claim is not cognizable against the other defendants, however.  Plaintiff fails to allege any specific responsibility or knowledge that his law library access was being curtailed against supervisory defendants Covello, Allison, and Clevenger.  Instead, he makes broad, conclusory claims that do not meet federal pleading standards.  For instance, he alleges that defendant Allison was "made aware of all these issues," but never describes how she was made aware or what interactions, if any, plaintiff had with her.  To the extent that plaintiff's claims against these defendants are based on their responses to his administrative grievances, as they are with respect to defendant Doe, he is advised that section 1983 liability does not attach merely for answering an inmate's grievance.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  I note that plaintiff's amended complaint, like its predecessor, remains difficult to decipher.  If he chooses to file an amended complaint, he should take pains to make it as legible as possible, to ensure that the court and defendants can fully understand his allegations.

### B. **Equal Protection Claim**

Plaintiff's claim that denial of access to the courts violated his equal protection rights is non-cognizable.  He alleges that the relevant class of which he is part is "mental health patients."  ECF No. 14 at 9.  Mentally ill persons do not qualify as a protected class, however.  *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 445-46 (1985).

---

[1] Plaintiff erroneously characterizes this claim as proceeding under the Fifth Amendment.  ECF No. 14 at 5.  Denial of access to court claims properly proceed under the First Amendment, however.  *See Lewis v. Casey*, 518 U.S. 343, 404-405 (1996).

      Plaintiff may either proceed only with his First Amendment claims against defendants Gyles and Heath, or he may delay serving any defendant and file a third amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the new amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

      Accordingly, it is ORDERED that:

    1. Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his First Amendment claims against defendants Gyles and Heath or file an amended complaint. If he chooses to proceed only with his viable First Amendment claims, he should voluntarily dismiss all other claims and parties.

    2. Failure to comply with this order may result in the dismissal of this action.

    3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   June 15, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE