UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>            Plaintiff,<br><br>     v.<br><br>S. GYLES, *et al.*,<br><br>            Defendants. | Case No.  2:21-cv-01396-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SERVICE, MOTION FOR SANCTIONS, AND VACATING FINDINGS AND RECOMMENDATIONS<br><br>ECF Nos. 13, 24, & 26<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>ECF No. 9 |

Plaintiff filed a preliminary injunction on October 25, 2021, ECF No. 9, and I recommended that it be denied because the complaint did not raise cognizable claims. ECF No. 13. Although those recommendations remain pending, plaintiff has since filed a Second Amended Complaint, ECF No. 14, and so I will withdraw my previous findings and recommendations. The discussion below considers plaintiff's motion for a preliminary injunction, ECF No. 9, in light of his Second Amended Complaint.

To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the movant, and (4) that an injunction is in the public interest. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 24. Here, plaintiff requests a preliminary injunction

1

1 based on an inability to adequately access the law library at Mule Creek State Prison. ECF No. 9
2 at 1-2. He broadly alleges that defendants have closed the law library for periods of time and
3 prevented him from meeting court deadlines. *Id.* at 1. At this juncture, however, plaintiff has not
4 presented any evidence suggesting that he is likely to succeed on the merits or that he is likely to
5 suffer irreparable harm absent an injunction. His motion is unsupported by any specific evidence
6 that would allow me to conclude that he has met his high burden of persuasion on these issues;
7 his current allegations are insufficient to sustain preliminary injunctive relief. *See Mazurek v.*
8 *Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic
9 remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden
10 of persuasion.") (quotations and citations omitted) (emphasis in original); *see also Wiseman v.*
11 *Cate*, Case No.: 1:14-cv-00831-DAD-SAB (PC), 2016 U.S. Dist. LEXIS 22680, 2016 WL
12 729619, at *1 (E.D. Cal. Feb. 24, 2016) ("A party seeking a temporary restraining order or
13 preliminary injunction simply cannot prevail when that motion is unsupported by evidence.").
14 Moreover, although plaintiff claims that he will suffer irreparable harm absent a preliminary
15 injunction, he has not identified that harm. There is no freestanding right to a law library. *See*
16 *Lewis v. Casey*, 518 U.S. 343, 351 (1996). And, while plaintiff alleges that he is facing court
17 deadlines, he has not claimed to have missed those deadlines or, in any specific terms, that he has
18 been otherwise unable to pursue his legal claims. ECF No. 9 at 2. At best, plaintiff alleges that
19 he could not access the law library to do legal research for an opposition in another case, *Rouser*
20 *v. Gamboa*, No. 2:19-cv-01233-TLN-DMC. Plaintiff alleges that this denial of access occurred
21 on October 28, 2021. ECF No. 9 at 2. I have reviewed the docket in that case and no motion by
22 defendants requiring an opposition was filed during that time. Accordingly, I recommend that the
23 motion for preliminary injunction, ECF No. 9, be denied.
24     It is ORDERED that:
25     1.     The findings and recommendations at ECF No. 13 are VACATED and
26 WITHDRAWN.
27     2.     Plaintiff's motion to enforce service, ECF No. 24, is DENIED as moot in light of
28 defendants' notice of waiver of service at ECF No. 25.

3. Plaintiff's motion for sanctions, ECF No. 26, is contingent on the alleged failure to effect service, is also DENIED.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 9, be DENIED without prejudice.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    November 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE