1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM ROUSER,                          Case No.  2:21-cv-01396-DJC-JDP (PC)

12                 Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   S. GYLES, *et al.*,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this action brought

18   under 42 U.S.C. § 1983.  Plaintiff alleges that defendants Gyles and Heath, law librarians at Mule

19   Creek State Prison, hindered his access to the courts in violation of the First Amendment when

20   they closed the library on various occasions and curtailed his hours of access.  Defendants move

21   to revoke plaintiff's *in forma pauperis* status, arguing that he accumulated "three strikes" within

22   the meaning of 28 U.S.C. § 1915(g) prior to filing suit.  ECF No. 33.  I recommend that

23   defendants' motion be granted.

24                                 **Legal Standard**

25        The "Three Strikes Rule" states:

26             In no event shall a prisoner bring a civil action or proceeding under
               this section if the prisoner has, on 3 or more prior occasions, while
27             incarcerated or detained in any facility, brought an action or appeal
               in the United States that was dismissed on grounds that it was
28             frivolous, malicious, or fails to state a claim upon which relief may

                                          1

be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous or malicious, or for failure to state a claim.  *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

Upon a finding that the plaintiff is barred by the three strikes provision of § 1915(g), the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled.  *Hardney v. Hampton*, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005).  A plaintiff may resume his claims if he prepays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

A dismissal counts as a strike if the dismissal of the action is for frivolity, maliciousness, or for failure to state a claim, or if an appeal is dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing § 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count is with or without prejudice; both count as a strike under § 1915(g).  *Lomax*, 140 S. Ct. at 1727.  When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of § 1915(g).  *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  A dismissal for failure to state a claim relying on qualified immunity counts as a strike.  *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016).  A dismissal of a complaint as time-barred under the applicable statute of limitations counts as a strike.  *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015).  Further, where a court dismisses a

2

1    complaint for failure to state claim with leave to amend, the court's subsequent dismissal for

2    failure to comply with a court order by filing an amended complaint constitutes a strike for

3    purposes of § 1915(g).  *Harris v. Magnum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

**Discussion**

4

5    **A.  Three Strikes**

6        Defendants identify four cases that they contend count as strikes under § 1915(g):

7    (1) *Rouser v. Scully*, Case No. 2:95-cv-01430 (E.D. Cal.); (2) *Rouser v. Nieto*, Case No. 2:09-cv-

8    08244 (C.D. Cal.); (3) *Rouser v. Crounse*, Case No. 1:19-cv-00550 (E.D. Cal.); and (4) *Rouser v.

9    Lozano*, Case No. 2:20-cv-01009 (E.D. Cal.).  Plaintiff does not dispute that these cases qualify as

10   strikes; he challenges only the reasons for their dismissals.  *See* ECF No. 36.

11       **a.  *Rouser v. Scully***

12       Plaintiff initiated *Rouser v. Scully* in this court on August 7, 1995.  *Rouser v. Scully*, Case

13   No. 2:95-cv-01430-LKK-JFM (E.D. Cal.).  Although the filings are not available electronically,

14   defendants have provided a copy of the docket.[1]  *See* ECF No. 33-1 at 6-7.  It reveals only that

15   plaintiff's complaint was screened and dismissed in September 1995; the docket entry for this

16   event does not specify the basis for the dismissal.  It does, however, indicate that plaintiff was

17   "granted 30 days from the date of service of this order to file an amended complaint that complies

18   with the requirements of Civil Rights Act, FRCP, and LR."  It further shows that, rather than

19   filing an amended complaint, plaintiff opted to dismiss the case voluntarily.  On November 30,

20   1995, the court granted his request, and judgment was entered accordingly.

21       Defendants argue that the court's order of dismissal was premised on a failure to state a

22   claim.  In support, they note that plaintiff was granted leave "to file an amended complaint that

23   complies with the requirements of Civil Rights Act, FRCP, and LR."  It is, of course, plausible

24   that the complaint was dismissed for the reason suggested by defendants, but it is also plausible

25   that plaintiff simply did not file the proper prisoner civil rights form or sign the complaint.  The

26

27       [1] Defendants have asked that I take judicial notice of the docket.  This request will be
     granted.  *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) ("A court may take judicial
28   notice of public records, including its own files and records.").

first basis would count as a strike, the second two would not. Since defendants' argument relies

solely on speculation, *Rouser v. Scully*, Case No. 2:95-cv-01430 (E.D. Cal.), does not count as a

strike for purposes of § 1915(g).

**b. *Rouser v. Nieto***

Plaintiff initiated *Rouser v. Nieto* in the Central District of California on November 10,

2009. *Rouser v. Nieto*, Case No. 2:09-cv-08244-DSF-JCG (C.D. Cal.). His original and first

amended complaints were dismissed with leave to amend for failure to state a claim. *Id.*, ECF

Nos. 1, 5, 9, 13. His second amended complaint was also dismissed for failure to state a claim,

although one claim was found cognizable. *See id.*, ECF Nos. 14-15. When it was determined

that plaintiff's third amended complaint failed to state a claim, the magistrate judge recommended

that the dismissal be with prejudice because "Plaintiff cannot allege *legally cognizable* claims."

*Id.*, ECF No. 25 (emphasis in original). The recommendation was adopted in full, and the case

was dismissed with prejudice on June 28, 2011. This case qualifies as a strike.

**c. *Rouser v. Crounse***

Plaintiff initiated *Rouser v. Crounse* in this court on April 22, 2019. *Rouser v. Crounse*,

Case No. 1:19-cv-00550-DAD-GSA (E.D. Cal.). In July 2020, the complaint was screened and

dismissed with leave to amend for, among other things, failure to state a claim. *Id.*, ECF No. 15.

His second amended complaint, filed the following month, was also dismissed for failure to state

a claim, and the magistrate judge recommended that the dismissal be with prejudice. *Id.*, ECF

Nos. 17-18. These recommendations were adopted in full, and the case was dismissed with

prejudice on December 10, 2020. *Id.*, ECF Nos. 20-21. In January 2021, plaintiff appealed the

dismissal, but in April 2022 the Ninth Circuit affirmed the judgment. *Id.*, ECF Nos. 22, 26.

Although the case was pending on appeal when plaintiff initiated the instant case, the Supreme

Court has held that "courts must count [a] dismissal even though it remains pending on appeal."

*Coleman*, 575 at 534. Pursuant to this authority, *Rouser v. Crounse* also qualifies as a strike.

**d. *Rouser v. Lozano***

Lastly, plaintiff initiated *Rouser v. Lozano* in this court on May 19, 2020. *Rouser v.*

*Lozanoi*, Case No. 2:20-cv-01009-KJM-JDP (E.D. Cal.). In September 2020, the complaint was

4

screened and dismissed with leave to amend for failure to comply with Federal Rule of Civil Procedure 20(a)(2).  ECF Nos. 1 & 7.  Plaintiff's first amended complaint was screened in December 2020 and deemed subject to dismissal for failure to state a claim because plaintiff challenged the denial of parole.  ECF Nos. 11 & 13.  I recommended that the amended complaint be dismissed without prejudice to the filing of a habeas petition.  ECF No. 13.  This recommendation was adopted on March 16, 2021, and judgment was entered accordingly.  ECF Nos. 15 & 16.  Once more, plaintiff appealed the dismissal, and the Ninth Circuit affirmed in April 2022.  ECF Nos. 18 & 22.  As with *Rouser v. Crounse*, I find that *Rouser v. Lozano* qualifies as a strike.

**B.  Imminent Danger**

Having determined that plaintiff incurred three strikes prior to filing this case, I must determine whether the "imminent danger" exception to the three-strikes rule applies here.

Once a prisoner-plaintiff has accumulated three strikes, he or she cannot proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).  However, assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."  *Andrews*, 493 F.3d at 1057, n.11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any as-yet-undeveloped conditions.  *See Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the

imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)).  To determine whether such a nexus exists, the court considers "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Id.*

Plaintiff does not meet the imminent danger exception.  As noted above, his allegations arise from the denial of access to the law library.  There is nothing in the pleadings to suggest that plaintiff faced serious physical injury stemming from his inability to access the law library, and plaintiff presents no argument to the contrary.  Thus, defendants have shown that plaintiff accumulated three strikes before he filed this case, and plaintiff has not shown that he was in imminent danger of serious physical harm when he filed the operative pleading.

It is hereby RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's *in forma pauperis* status, ECF No. 33, be granted.

2. Plaintiff be directed to pay the $402 filing fee within twenty-one days of any order adopting these recommendations to proceed with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

1

2   IT IS SO ORDERED.

3

Dated:    May 12, 2023

4                                                    JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7