UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GYLES, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:21-cv-01396-DJC-JDP (PC)<br><br>**ORDER**<br><br>DENYING AS UNNECESSARY DEFENDANTS' MOTION TO RESCIND THE COURT'S ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 43 |

　　　　On May 15, 2023, I recommended that plaintiff's *in forma pauperis* status be revoked because he had run afoul of 28 U.S.C. § 1915(g)'s "Three Strikes Rule." ECF No. 39.  The District Judge adopted those recommendations and directed plaintiff to pay the required filing fee by October 6, 2023.  ECF No. 40.  When plaintiff failed to comply with that order, the court dismissed this action for plaintiff's failure to pay the filing fee.  ECF No. 41.

　　　　Several weeks later, defendants filed a motion to rescind the court's order granting plaintiff's application to proceed *in forma pauperis*.[1]  ECF No. 43.  Defendants brought this motion in light of the Ninth Circuit's recent case *Meyers v. Birdsong*, 83 F.4th 1157 (9th Cir. 2023).

---

[1] This motion was referred to the undersigned on January 31, 2024.  ECF No. 44.

1

1       There, the appellant Meyers had appealed the dismissal of his § 1983 action and the Ninth
2  Circuit granted his application to proceed *in forma pauperis*. *Id.* at 1159. Thereafter, the
3  appellees moved to revoke Meyers' *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g)
4  since Meyers had filed more than three actions that were either frivolous or failed to state a claim.
5  *Id.* The court granted that motion and after Meyers failed to pay the required filing fee within the
6  allotted time, the court dismissed his appeal. *Id.* Despite this, Meyers' prison trust account
7  continued to be debited to pay the outstanding balance for the filing fee. *Id.* After Meyers had
8  paid the filing fee in full, he moved to reinstate his appeal on the grounds that he had satisfied the
9  filing fee requirement. *Id.*

10      For the first time, the Ninth Circuit addressed whether 28 U.S.C. § 1915 (b) allows a court
11  to collect fees from a prisoner that was previously granted *in forma pauperis*, but who was later
12  found to be ineligible to proceed *in forma pauperis*. *Id.* at 1159-60. The court answered in the
13  negative. Interpreting the text of § 1915(b), the court reasoned that a "struck-out prisoner" can
14  never file an appeal *in forma pauperis* and thus should not be subjected to the collection of fees as
15  if they were proceeding *in forma pauperis*. *Id.* at 1160-61. The court held that § 1915(b) "neither
16  permits nor requires the collection of fees from a struck-out prisoner who attempts to file [a case]
17  IFP."[2] *Id.* at 1161. The Clerk of Court was ordered to return to Meyers any collected fees.

18      Plaintiff is similarly positioned. His application to proceed *in forma pauperis* was granted
19  and later revoked, and after he failed to pay the filing fee, the action was dismissed. In line with
20  *Meyers*, plaintiff is not obligated to satisfy the filing fee for this case.

21      Accordingly, it is hereby ORDERED that:

22      1. The Clerk of Court is directed to refund the total amount, if any, of the filing fee
23  collected from plaintiff to date.

24      2. The Director of the California Department of Corrections and Rehabilitation or a

---

[2] While *Meyers* deals with *in forma pauperis* status on appeal, the court's reasoning applies to initial filing fee. *See Keenan Wilkins v. Paul Gonzalez*, No. 2:16-cv-00347-KJM-KJN, 2024 WL 86382, at *1 (E.D. Cal. Jan. 8, 2024) ("Although *Meyers* concerned an appeals court fee, the Ninth Circuit's reasoning applies equally to an initial filing fee.") (citing 28 U.S.C. § 1915(b)(1)).

2

designee is directed to stop collecting and making payments from plaintiff's trust account to satisfy the balance of the filing fee in this action.

    3. The Clerk of Court shall serve a copy of this order on the Director, California Department of Corrections and Rehabilitation, 1515 S Street, Sacramento, California 95814.

    4. The Clerk of Court shall serve a copy of this order on the Financial Department of the court.

    5. Defendants' motion to rescind the court's *in forma pauperis* order, ECF No. 43, is denied as unnecessary.

IT IS SO ORDERED.

Dated:    February 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE